IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARISSA ABEYTA,
DANIEL ABEYTA, and
CHRISTINE ABEYTA,

    Plaintiffs,

v.                                                      No. 14-cv-0872 MV/SMV

DANIEL HENLEY,
GLAINE HENLEY, and
PROGRESSIVE PREFERRED INS. CO.,

    Defendants.[1]

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO AMEND

THIS MATTER is before the Court on Plaintiffs' Motion to Amend Complaint [Doc. 24], filed on March 19, 2015. Defendants responded in opposition on April 2, 2015. [Doc. 29]. Plaintiff replied on April 17, 2015. [Doc. 30]. The presiding judge, the Honorable Martha Vázquez, United States District Judge, referred the motion to me pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). [Doc. 28]. Having considered the briefing, record, and relevant law, and being otherwise fully advised in the premises, the Court finds that the motion is well-taken and will be granted.

## Background

This case arises from an automobile accident involving Plaintiffs' vehicle, which occurred in Taos County, New Mexico on or around August 24, 2011. [Doc. 1-1] at 7. Plaintiffs

---

[1] Defendant Progressive Preferred Ins. Co. was dismissed as a party on October 30, 2014. [Doc. 11] at 1. Defendant Glaine Henley has been misidentified. The correct spelling of Defendant's name is Ghislaine Henley. [Doc. 1] at 3.

filed their original complaint in state court on August 14, 2014. [Doc. 1-1] at 6–16. They alleged that Defendant Daniel Henley was the driver of the other vehicle and that his negligence caused the accident and Plaintiffs' injuries. *Id.* at 7. They further allege that Defendant Daniel Henley is a member of the family and household of Defendant Ghislaine Henley, and that the automobile that he was driving at the time of the collision was owned and maintained by Defendant Ghislaine Henley for the general use of the Henley family. *Id.* at 10.

Defendants removed the case to this Court based on diversity jurisdiction on September 25, 2014, and they answered on October 6, 2014. [Docs. 1, 4]. They indicated that they were without sufficient knowledge to admit or deny whether they had negligently caused the accident. *Id.* at 2. Similarly, they indicated that they were without knowledge sufficient to admit or deny the allegations that the Defendants were members of the same family and household and that the vehicle at issue was owned and maintained by Defendant Ghislaine Henley for the general use of the Henley family. *Id.*

In the instant motion, Plaintiffs seek to add Alan Henley as a Defendant. [Doc. 24] at 1. In the proposed Amended Complaint, Plaintiffs allege that Alan Henley, along with Defendant Ghislaine Henley, owned and maintained the vehicle at issue for the general use of the Henley family. *Id.* at 5.

Defendants argue that the proposed amendment as to Alan Henley should not be permitted because it is futile and, thus, would unduly prejudice the current Defendants. [Doc. 29] at 1. They explain that the allegations regarding Alan Henely are "incorrect" and will be "dismissed on summary judgment." *Id.* at 2. Defendant Daniel Henley (the alleged driver)

2

attaches his affidavit to the response. *Id.* at 6–7. He avers that he is over 18 years old and that at the time of the accident his address was *not* 2840 Moonstone View, Colorado Springs, Colorado. *Id.* at 6. He further avers that at the time of the accident, he was *not* a member of the family and household of Alan Henley and Defendant Ghislaine Henley. *Id.* Finally, he avers that the automobile he drove at the time of the accident was *not* maintained by Alan Henley and Defendant Ghislaine Henley for the general use and convenience of the Henley family. *Id.* at 6−7. The affidavit of Defendant Ghislaine Henley mirrors that of Defendant Daniel Henley. *Compare id.* at 8–9 (affidavit of Ghislaine Henley), *with id.* at 6–7 (affidavit of Daniel Henley). Defendants anticipate that Plaintiffs intend to argue that Alan Henley and Defendant Ghislaine Henley are liable for Defendant Daniel Henley's alleged negligence under the family purpose doctrine. *Id.* at 3 (citing *Peters v. LeDoux*, 1971-NMSC-117, ¶ 12). Defendants argue that such claim "will likely be dismissed on motion for summary judgment" because the underlying factual allegations are incorrect. *Id.* Finally, Defendants argue that permitting the amendment will unduly prejudice Alan Henley and Defendant Ghislaine Henley because "Plaintiffs have no legal basis for naming [either of] them as Defendants in this case." *Id.* at 4. Thus, they argue that they should not be subject to the demands of litigation. *Id.*

Plaintiffs reply with evidence indicating that, at the time of the accident, Alan Henley was listed as a policyholder (for the insurance policy covering the vehicle involved in the accident); Defendants Ghislaine Henley and Daniel Henley are listed as "drivers and household residents" on the policy, [Doc. 30] at 7; Defendant Ghislaine Henley owned the vehicle, *id.* at 4; and all lived together at 2840 Moonstone View in Colorado Springs, Colorado, *id.*

### Standard for Motion to Amend

A party may amend its pleading once as a matter of course within twenty-one days after serving it, or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earliest. Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*  The decision to grant leave is within the court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

A court may deny leave to amend if granting the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001).  A court may also deny leave to amend based on undue delay, undue prejudice to the opposing party by virtue of allowance of the amendment, bad faith or dilatory motive on the part of the movant, or failure to cure deficiencies by amendments previously allowed. *Foman*, 371 U.S. at 182.

### Analysis

The Court is not convinced that proposed Defendant, Alan Henley, will necessarily be dismissed on summary judgment.  First, the affidavits of Defendants Daniel Henley and Ghislaine Henley are conclusory and self-serving.  They contain nothing more than bald denials

4

that Daniel Henley lived in Colorado Springs at the time of the accident or that the vehicle was maintained by Alan Henley and Defendant Ghislaine Henley for the general use and convenience of the Henley family. Even if they were not conclusory and self-serving, however, Plaintiffs have presented conflicting evidence. At a minimum, therefore, there are genuine issues of material fact as to the relationship between and domiciles of Alan Henley and Defendant Daniel Henley. Accordingly, the Court finds that the proposed amendment would not be futile. Thus, neither Alan Henley, nor the current Defendants will suffer undue prejudice if the amendment is permitted. Pursuant to Fed. R. Civ. P. 15, the Court will grant the motion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion to Amend Complaint [Doc. 24] is **GRANTED**. Plaintiffs may file their amended complaint **within ten days**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**