IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARISSA ABEYTA, individually, and as Parent
and next best friend of LEAH TRUJILLO,
and DANIEL ABEYTA and CHRISTINE
ABEYTA, individually and as Parents and next
best friends of AUGUSTINE ABEYTA,

    Plaintiff,                                1:14-cv-00872 MV/SMV

v.

DANIEL HENLEY, GHISLAINE HENLEY
and ALAN HENLEY,

    Defendants.

## AMENDED SCHEDULING ORDER

THIS MATTER is before the Court on a Motion for an Amended Rule 16 Scheduling Order [Doc. 57]. The parties having stipulated to such Order, and the Court having considered said Motion and finding that the Motion is well taken, and good cause exists to amend the Scheduling Order, the Motion is GRANTED.

The Court enters the following amendments to the original Scheduling Order, filed February 11, 2015, as follows:

The parties must disclose any additional expert witnesses who are expected to testify even if the expert is not required to submit an expert report. *See* Fed.R.Civ.P. 26(a)(2)(B)-(C); D.N.M. LR-Civ. 26.3(B). Plaintiffs shall identify to all parties in writing any additional expert witnesses to be used by Plaintiffs at trial and provide expert reports pursuant to above rules no later than **January 29, 2016**. All other parties shall identify in writing any additional expert witnesses to be used by such parties at trial and provide expert reports pursuant to the above

rules no later than **February 29, 2016**. Rebuttal experts disclosed pursuant to Fed.R.Civ.P. 26(a)(2)(D)(ii) shall be disclosed within (30) days after the other parties' disclosure.

The termination date for discovery is **April 29, 2016**, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order by of the Court upon showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. The Court will not limit the number of Request for Admissions served by each party at this time. A Notice to Take Deposition shall be construed timely only if the deposition takes place prior to the deadline. The pendency on dispositive motions shall not stay discovery.

Motions relating to discovery (including, not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **May 20, 2016**. *See* D.N.M. LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the 21-day time limit in D.N.M. LR-Civ. 26.6 (parties served with objections to discovery requests must file a motion to compel within 21 days of service of objection. Failure to file a motion within 21 days constitutes acceptance of the objection.)

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **May 31, 2016**. *See* D.N.M. LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above date shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M. LR-Civ. 10.6.

Counsel are directed to file a consolidated final pretrial order as follows: Plaintiffs to Defendants on or before **June 30, 2016**. Defendants to Court on or before **July 18, 2016**.

Counsel are directed that this Pretrial Order will provide that no witnesses, except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than 30 days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
UNITED STATES MAGISTRATE JUDGE