IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARISSA ABEYTA, *et al.*,

    Plaintiffs,

vs.

DANIEL HENLEY, *et al.*,

    Defendants.

No. 14-CV-0872-MV-SMV

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Alan Henley's and Ghislane Henley's Motion for Judgment on the Pleadings [Doc. 48]. Plaintiffs filed an untimely Response [Doc. 50] and the two Defendants replied [Doc. 53]. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Defendants' Motion is not well-taken and therefore will be **DENIED.**

### BACKGROUND

The facts pertinent to Defendants' Motion are easily summarized. On April 28, 2015, after receiving permission from the Court, the Plaintiffs in this case filed an Amended Complaint to Recover Damages for Personal Injury [Doc. 35]. In the Complaint, Plaintiffs allege that "[o]n or about August 24, 2011, Plaintiff Marissa Abeyta was driving north on State Road 522 with Leah Trujillo and Augustine

1

Abeyta, as passengers in the vehicle." Doc. 35 ¶ 6.  They continue that, while "Plaintiff Marissa Abeyta was operating her vehicle in a safe and lawful manner in Taos County, New Mexico, Defendant Daniel Henley was driving behind the Plaintiff's vehicle and negligently drove his vehicle into the back of Plaintiff's vehicle." *Id.* ¶ 7.  The Plaintiffs allege that "the acts of negligence of the Defendant included but are not limited to (1) failure to keep a proper lookout, (2) failure to keep vehicle under control, (3) driving too fast for conditions, (4) driving a vehicle in violation of existing ordinances and statutes, and (5) failure to operate the vehicle in a safe and reasonable manner." *Id*.  The Plaintiffs add that the vehicle in question "was registered to and owned by Defendant Ghislaine Henley" and that the car "was owned and maintained by Defendants Ghislaine Henley and Alan Henley for the general use and convenience of the Henley family." *Id.* ¶¶ 10-11.

Accordingly, Plaintiffs allege three counts seeking recovery for personal injuries sustained during the accident, one count for each Plaintiff.  Each count is roughly identical, with slight modifications for the circumstances of that particular Plaintiff.  Specifically, each count alleges that as a "direct proximate result of the negligence of Defendants" a Plaintiff "sustained serious injur[ies]." *Id.* ¶¶ 13, 16, 19.  On August 21, 2015, Defendants Alan and Ghislaine Henley filed the instant Motion, arguing that "Plaintiff's Amended Complaint fails to make a claim for which relief can be granted as to Defendants Alan and Ghislaine Henley" in part because "Plaintiffs do not list any allegation specific to Defendants Alan and Ghislaine Henley." Doc. 48 ¶¶ 5-6.  That is, Defendants believe that it is "unclear

2

what claims (if any) Plaintiffs are intending to bring against Defendants Ghislaine Henley and Alan Henley and the deadline to amend pleadings has passed." *Id.* ¶ 13.

## DISCUSSION

### I. Local Rule 7.1(b) and Failure Timely to Respond

As an initial matter, Defendants correctly note that Plaintiffs did not timely respond to the Motion. *See* Doc. 53 ¶ . Local rule 7.1(b) states that "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-CIV.7.1(b). However, it is settled law in this circuit that, despite the apparently definitive phrasing of the local rule, a court must address the merits of a motion to dismiss. *See, e.g.*, *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."). Accordingly, the Court will turn to the merits of the Motion.

### II. Motion for Judgment on the Pleadings

"Any party may move for judgment on the pleadings if no material facts are in dispute, and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice." *Swepi, LP v. Mora Cty., N.M.*, 81 F. Supp. 3d 1075, 1124 (D.N.M. 2015). "Such motions are functionally equivalent to motions

to dismiss and are reviewed under the same standards." *Estate of Stevens ex rel. Collins v. Board of Com'rs of Cty. of San Juan*, 53 F. Supp. 3d 1368, 1372 (D.N.M. 2014). *See also Mata v. Anderson*, 760 F. Supp. 2d 1068, 1083 (D.N.M. 2009) ("A motion pursuant to rule 12(c) is generally treated in the same manner as a motion to dismiss under rule 12(b)(6)."); *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

On a motion to dismiss for failure to state claim, this Court asks "whether the factual allegations in the complaint, if accepted as true, allege a plausible claim for relief." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). That is, the "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial" but to determine whether the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-56 (10th Cir. 2014) (internal quotation marks and citations omitted). Hence, the Court "must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party." *Mata*, 760 F. Supp. 2d at 1083.

Here, the Court finds that Plaintiffs have pled allegations that, if accepted as true, state a claim on which relief can be granted. Read in the light most favorable to Plaintiffs, the Complaint alleges several possible theories, including that

Defendants Alan and Ghislaine Henley either negligently entrusted the vehicle to Defendant Daniel Henley, that Defendants Alan and Ghislaine Henley negligently maintained the vehicle in a manner that resulted in the accident, and that Defendants Alan and Ghislaine Henley are liable under the "family purpose" doctrine.  *See, e.g.*, *Sanchez v. San Juan Concrete Co.*, 943 P.2d 571, 576 (N.M. Ct. App. 1997) ("The general rule is that one who negligently entrusts a chattel to an incompetent person is subject to liability for any resulting foreseeable harm."); *Hermosillo v. Leadingham*, 13 P.3d 79, 84 (N.M. Ct. App. 2000) ("the family purpose doctrine imposes liability on the head of a household for the negligent operation of a vehicle by a member of the household to whom the head of household has furnished the vehicle.").

## CONCLUSION

Based on the foregoing analysis, the Court finds that each of Plaintiffs' counts states a claim on which relief can be granted as to each Defendant.

**IT IS THEREFORE ORDERED** that Defendant Alan Henley's and Ghislane Henley's Motion for Judgment on the Pleadings [Doc. 48] is **DENIED.**

Dated this 27th day of January, 2016.

                                        **MARTHA VÁZQUEZ**
                                        UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Sam B. Sanchez | Justin D. Goodman |
| **Sam M. Sanchez, Esq.** | **O'Brien & Padilla, P.C.** |
| Taos, New Mexico | Albuquerque, New Mexico |
| *Attorney for the Plaintiffs* | *Attorney for Henley Defendants* |